**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ALDACE JERNELL FAULKNER,
*Defendant-Appellant.*

No. 03-4472

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

SAMUEL KWENTRELL SMITH,
*Defendant-Appellant.*

No. 03-4488

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

IZELL GRANVILLE, JR.,
*Defendant-Appellant.*

No. 03-4581

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-02-366)

Submitted: January 30, 2004

Decided: February 20, 2004

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

James B. Craven, III, Durham, North Carolina; Richard V. Broadnax, Reidsville, North Carolina; Michael Keith Troutman, Greensboro, North Carolina, for Appellants. Anna Mills Wagoner, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

### OPINION

PER CURIAM:

A jury convicted Aldace Jernell Faulkner, Samuel Kwentrell Smith, and Izell Granville, Jr., on one count each of bank robbery, 18 U.S.C. §§ 2113(a), 2 (2000), armed bank robbery, 18 U.S.C. §§ 2113(d), 2 (2000), and carrying and using firearms during and in relation to a crime of violence, 18 U.S.C. §§ 924(c)(1)(A)(ii), 2 (2000). Appellants appeal their convictions, alleging that the district court erred in denying their motions for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. Smith also contends that the district court erred by enhancing his sentence under *U.S. Sentencing Guidelines Manual* § 3C1.1 (2000) for obstruction of justice. Finding no merit to these claims, we affirm.

This court reviews the district court's decision to deny a motion for judgment of acquittal de novo. *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001). Where, as here, the motion was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80

(1942). This court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Newsome*, 322 F.3d 328, 333 (4th Cir. 2003) (quoting *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). In addition, the court considers circumstantial and direct evidence, and allows the government the benefit of all reasonable inferences from the facts proven to those sought to be established. *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982).

On the afternoon of October 31, 2002, a Capital Bank branch in Sanford, North Carolina, was robbed by two armed and masked men. A bank employee saw a red sport utility vehicle ("SUV") pull out of the bank's driveway immediately after the robbers fled. Eleven minutes after the robbery, police stopped a red SUV in which Appellants were riding and found in the vehicle a black bag matching the description of the one used by the robbers. The bag contained the stolen money, including five bait bills and a customer deposit slip seized by one of the robbers.

Although there is no direct evidence linking the Appellants to the crime, circumstantial evidence may be sufficient to support a conviction even if it does not exclude every reasonable hypothesis consistent with innocence. *United States v. Jackson*, 863 F.2d 1168, 1173 (4th Cir. 1989). We have "long recognized that possession of recently stolen property permits an inference of theft." *Newsome*, 322 F.3d at 333. Our review of the record convinces us that the jury heard sufficient evidence to find the Appellants guilty of the charged offenses.

Turning to Smith's sentencing claim, Smith contends that the district court erred in applying a two-level adjustment under USSG § 3C1.1 for obstruction of justice based on perjured testimony. The presentence report recommended the enhancement based on Smith's trial testimony that he found the bag of money on the side of the road where he had seen someone crouch down and then speed off in a red

SUV. The report concluded that Smith provided materially false information at his trial, justifying the enhancement.

Because Smith did not contest the obstruction of justice adjustment in the district court, the issue is reviewed for plain error. *United States v. Olano*, 507 U.S. 725, 732-37 (1993). Furthermore, the district court was entitled to adopt the findings in the presentence report because Smith failed to object to those findings and therefore made no affirmative showing that the information in the report was inaccurate or unreliable. *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998) (citing *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990)). We find that the district court did not plainly err by applying the two-level enhancement for obstruction of justice.

Accordingly, we affirm Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*